## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## EASTERN DIVISION

| | |
|---|---|
| ANDREA PAPPAGALLO, | Case No. 4:20-cv-10422-SDD-EAS |
| Plaintiff, | Hon. Stephanie Dawkins Davis |
| vs. | Magistrate Judge Elizabeth A. Stafford |
| TENNECO AUTOMOTIVE OPERATING COMPANY SEVERANCE BENEFIT PLAN, Effective as of July 20, 2018; TENNECO AUTOMOTIVE OPERATING COMPANY INC.; and TENNECO INC., | |
| Jointly and severally, | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Tenneco Automotive Operating Company Severance Benefit Plan, Tenneco Automotive Operating Company Inc., and Tenneco Inc. (collectively, "Defendants"), by their counsel, hereby respond to Plaintiff Andrea Pappagallo's ("Plaintiff") Complaint, filed on February 19, 2020 (ECF No. 1), and assert defenses as follows:

### JURISDICTIONAL ALLEGATIONS

1.      This lawsuit was filed to vindicate the rights of Plaintiff, Andrea Pappagallo (hereinafter "Pappagallo" or "Plaintiff") under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 et seq. (hereinafter "ERISA").

**ANSWER:** Defendants admit that Plaintiff filed this ERISA benefits lawsuit.  Defendants deny the remaining allegations in this paragraph and deny that Plaintiff is entitled to any relief.

2.      Pappagallo is a Citizen of the United States, currently residing in Italy. However, at all relevant times herein he resided in the City of Bloomfield Hills, County of Oakland, State of Michigan.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief about the truth

of the allegations in this paragraph, and therefore deny the allegations.

3.      Defendant Tenneco Automotive Operating Company Severance Benefit Plan, effective as of July 20, 2018, (hereinafter "the Plan") provides severance pay for employees whose employment is involuntarily terminated.

**ANSWER:** The allegations in this paragraph purport to characterize the Tenneco Automotive

Operating Company Inc. Severance Benefit Plan (the "Plan"), which speaks for itself as to its

contents.  Defendants deny any allegations contrary thereto.

4.      Defendant, Tenneco Automotive Operating Company, Inc. (hereinafter "Tenneco Automotive"), is a Delaware corporation and is the Plan Administrator of the Plan.

**ANSWER:** Defendants admit that Tenneco Automotive Operating Company, Inc. ("Tenneco

Automotive") is a Delaware corporation and that it is the Plan Administrator of the Plan.

5.      Defendant, Tenneco Inc. (hereinafter "Tenneco"), is a Delaware corporation, and was Pappagallo's employer.

**ANSWER:** Defendants admit that Tenneco Inc. ("Tenneco") is a Delaware corporation and, for

a period of time, employed Plaintiff.

6.      Defendants have, throughout all times relevant to this litigation, maintained an office and conducted business within the state of Michigan.

**ANSWER:** Defendants admit that Tenneco and Tenneco Automotive both maintain an office and

conduct business within the state of Michigan.  Defendants deny the remaining allegations in this

paragraph.

7.      This Court has jurisdiction pursuant to ERISA, 28 U.S.C. § 1331 (federal question) and 28 USC § 1332 (diversity).

The allegations in this paragraph state legal conclusions regarding jurisdiction and therefore no response is required.  Answering further, Defendants admit that this Court has exclusive jurisdiction to hear claims brought under 29 U.S.C. § 1132(a)(1)(B) and  29 U.S.C. § 1132(c).

8.    The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, and attorney fees.

**ANSWER:** The allegations in this paragraph state legal conclusions regarding jurisdiction and therefore no response is required.  To the extent the allegations are intended to be factual, Defendants admit that Plaintiff appears to be seeking benefits under the Plan in excess of $75,000. Answering further, Defendants deny that Plaintiff is entitled to any relief.

9.    Venue is appropriate in this Court under 28 U.S.C. § 1391 as it is brought in a judicial district in which the defendants may be found at the time this action is commenced.

**ANSWER:** The allegations in this paragraph state legal conclusions regarding jurisdiction and therefore no response is required.  Answering further, Defendants admit that the venue is proper in this District but deny that Plaintiff is entitled to any relief.

## GENERAL ALLEGATIONS REGARDING THE ADMINISTRATIVE RECORD

10.    Pappagallo began his employment with Federal-Mogul Corporation (hereinafter "Federal-Mogul") in 2005.

**ANSWER:** Defendants admit that Plaintiff was previously employed by Federal-Mogul Corporation ("Federal-Mogul").  Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny the allegations.

11.    Federal-Mogul was sold to Tenneco in October 2018.

**ANSWER:** Defendants admit that, in October 2018, Tenneco completed its acquisition of Federal-Mogul.

12.    Following the sale of Federal-Mogul to Tenneco, Pappagallo served as Tenneco's Global Vice President and General Manager in charge of Tenneco's principal business unit OE Braking.

**ANSWER:** Defendants admit that, for a period of time, Plaintiff was employed by Tenneco in the position of Vice President and General Manager Braking.  Defendants deny the remaining allegations in this paragraph.

13.    During Pappagallo's tenure as a Global Vice President, the OE Braking unit generated approximately $1 billion in annual revenue.

**ANSWER:** Defendants deny that the allegations in this paragraph.

14.    In serving as a Global Vice President, Pappagallo attended monthly meetings with Tenneco's CEO during which he took part in multihour presentations by members of the "Ride Performance" group that contained significant confidential information regarding the company's financial performance.

**ANSWER:** Defendants admit that Plaintiff attended meetings with Tenneco's CEO and members of Tenneco's "Ride Performance" group.  Defendants admit that, as Vice President and General Manager Braking, Plaintiff was apprised of certain internal financial performance information.  Defendants deny the remaining allegations in this paragraph.

15.    During these meetings, Pappagallo regularly presented on Tenneco's performance as well as its prospective risks and opportunities.

**ANSWER:** Defendants admit that, as Vice President and General Manager Braking, Plaintiff would present information on his business unit's performance and operations.  Defendants deny the remaining allegations in this paragraph.

16.    Pappagallo also attended quarterly meetings involving members of the "Ride Performance" and "After Market" groups where Tenneco's corporate strategy and policy making was discussed, also with his input.

**ANSWER:** Defendants admit that Plaintiff attended meetings with members of Tenneco's "Ride Performance" and "After Market" groups.  Defendants deny the remaining allegations in this paragraph.

17.    Pappagallo had a substantial voice in Tenneco's policy decisions and in [sic] intimate knowledge of Tenneco's inner workings, as he partook in setting pricing thresholds, entered into supplier contracts, and managed 11 plants with over 5,000 employees reporting to him either directly or indirectly.

**ANSWER:** Defendants admit that, as Vice President and General Manager Braking, Plaintiff participated in pricing decisions, supplier contracts, and in managing certain plants for his business unit.  Defendants deny the remaining allegations in this paragraph.

18.    Further, Pappagallo had access to insider information, and regularly participated in decision making and policy development that would significantly impact Tenneco's share price if made publicly available.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

19.    Pappagallo's policy making function within Tenneco yielded him access to inside information.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

20.    Pappagallo performed important executive duties of such character that, in discharging his duties, he obtained confidential information about Tenneco's affairs that would aid him if he engaged in personal market transactions.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

21.    On or about April 17, 2019, Tenneco terminated Pappagallo's employment.

**ANSWER:** Defendants admit that Pappagallo's separation date was April 17, 2019.

22.    Upon Pappagallo's termination, Tenneco offered Pappagallo a "cash payment" pursuant to a proposed Separation Agreement and General Release ("SA").

**ANSWER:** Defendants admit that Tenneco offered Plaintiff consideration in exchange for his execution of a proposed Separation Agreement and General Release ("SA").  Defendants deny the remaining allegations in this paragraph.

23.    The SA provided for a proposed severance payment that was the result of improperly classifying Pappagallo as a Group 2 Eligible Employee as defined in the Plan.

**ANSWER:** The allegations in this paragraph purport to characterize the SA, which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

24.     Pappagallo objects to Tenneco's classification of him as a Group 2 Eligible Employee, because he was at all relevant times an Officer of Tenneco and should be classified as a Group 1 Eligible Employee under the Plan.

**ANSWER:** Defendants admit that Plaintiff disputes his proper characterization as a Group 2 Eligible Employee under the Plan.  Defendants deny the remaining allegations in this paragraph.

25.     The Severance Benefit Plan identifies Group 1 Eligible Employees as "Eligible Employees who are Officers."

**ANSWER:** The allegations in this paragraph purport to characterize the Plan, which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

26.     It further defines an "Officer," in relevant part, as "an officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act . . ."

**ANSWER:** The allegations in this paragraph purport to characterize the Plan, which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

27.     Pappagallo was considered an Officer of Tenneco from the date of his hire.

**ANSWER:** Defendants deny the allegations in this paragraph.

28.     Beyond simply his title, however, Pappagallo's duties and responsibilities were those of an Officer within the meaning of Section 16 of the Exchange Act.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

29.     Section 16 of the Exchange Act defines an Officer as: 17 C.F.R. 240.16a-1(f): The term "officer" shall mean an issuer's president, principal financial officer, principal accounting officer (or, if there is no such accounting officer, the controller), any vice president of the issuer in charge of a principal business unit, division or function (such as sales, administration or finance), any other officer who performs a policy-making function, or any other person who performs similar policy-making functions for the issuer. Officers of the issuer's parent(s) or subsidiaries shall be deemed officers of the issuer if they perform such policy-making functions for the issuer . . .

**ANSWER:** The allegations in this paragraph purport to characterize Section 16 of the Exchange Act and 17 C.F.R. § 240.16a, which speak for themselves as to their contents. Accordingly, Defendants deny any allegations contrary thereto.

30. As explained, *supra*, Pappagallo's duties fell within Section 16 of the Exchange Act's definition of Officer, Pappagallo should have been classified as a Group 1 Eligible Employee, and he should have been provided with the severance benefits that Group 1 Eligible Employees are entitled to under the Plan.

**ANSWER:** The allegations in this paragraph contain legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendants deny the allegations.

31. On May 30, 2019, Pappagallo sent a letter to the Plan Administrator of the Plan to make a claim for benefits under the Plan. **Ex. A**.

**ANSWER:** Defendants admit that Plaintiff sent Exhibit A (ECF No. 1-1), which is dated May 30, 2019, to the Plan's Administrator purporting to make a claim for benefits under the Plan.

32. The May 30, 2019 letter included the General Allegations contained within Paragraphs 11 through 30, supra, concluding with the assertion that "Mr. Pappagallo is hereby making a claim for severance benefits under the Severance Benefit Plan as a Group 1 Employee." Ex. A.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit A (ECF No. 1-1), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

33. The May 30, 2019 letter further stated, "Also, I am requesting that you provide me with all documents governing the operation of the Severance Benefits Plan, including the latest annual report." Ex. A.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit A (ECF No. 1-1), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

34. On June 26, 2019 the Plan Administrator ("the Administrator") responded to Pappagallo's May 30, 2019 letter and denied Pappagallo's claim for benefits under the Plan as a Member of Group 1. **Ex. B**.

**ANSWER:** Defendants admit that the Plan's Administrator denied Plaintiff's claim for benefits by letter dated June 26, 2019. The remaining allegations of this paragraph purport to characterize Exhibit B (ECF No. 1-2), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

35.    The Administrator's June 26, 2019 letter did not address the request for all documents governing the operation of the Severance Benefits Plan, including the latest annual report, and did not provide such documents to Pappagallo or his counsel.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit B (ECF No. 1-2), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto. Answering further, Defendants state that Plaintiff and his counsel had already been provided a copy of the Plan in April and May 2019, and that the Plan did not have an annual report in June 2019. Defendants deny any remaining allegations in this paragraph.

36.    The Administrator's June 26, 2019 letter did not contest – or even address – Pappagallo's assertions regarding his roles, duties, responsibilities or access to confidential insider information.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit B (ECF No. 1-2), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

37.    The Administrator's June 26, 2019 letter did not analyze whether Pappagallo is considered an Officer of Tenneco within the meaning Section 16 of the Exchange Act.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit B (ECF No. 1-2), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

38.    Instead, the Administrator's letter made the incorrect assertion that whether a person is a Section 16 Officer of a company is a factual determination that is made by the company, and the company's determination of those individuals who are Section 16 Officers is dispositive.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit B (ECF No. 1-2), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary

thereto.  Answering further, the allegations of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

39.     Such assertion is incorrect, as courts routinely make determinations regarding Section 16 Officer status, since neither a company's nor an individual's beliefs regarding Officer status is dispositive when determining an individual's obligations under the Exchange Act.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit B (ECF No. 1-2), which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.  Answering further, the allegations of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

40.     On August 19, 2019, Pappagallo appealed the Plan Administrator's determination. **Ex. C**.

**ANSWER:** Defendants admit that Plaintiff sent Exhibit C (ECF No. 1-3), which is dated August 19, 2019, to the Plan's Administrator purporting to appeal the Plan Administrator's benefit determination.

41.     In doing so, Pappagallo stated, that he was writing to appeal the Administrator's June 26, 2019 decision to deny his claim for benefits under the Tenneco Automotive Operating Company Severance Benefit Plan ("the Plan") as a member of Group 1 (as defined under the Plan). **Ex. C**.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit C (ECF No. 1-3) which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

42.     Pappagallo further stated, "Pursuant to Section 15 of the Plan, Mr. Pappagallo appeals and requests a review of the Administrator's decision. Mr. Pappagallo maintains that he is a member of Group 1 and entitled to correlating severance benefits." **Ex. C**.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit C (ECF No. 1-3) which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

43.     Pappagallo explained that the basis for his appeal was "1) the arbitrary and capricious nature of the Plan Administrator's denial; and 2) the Plan Administrator's incorrect assertion that the company's determination of those individuals who are Section 16 officers is dispositive and its failure to take into consideration that the Plan also identifies Group 1 Eligible Employees as individuals who are officers within the meaning of Section 16 of the Exchange Act. Importantly, Section 16 of the Exchange Act does not permit a company to unilaterally determine who is an officer." **Ex. C**.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit C (ECF No. 1-3)

which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary

thereto.

44.     First, as Pappagallo explained, The Plan Administrator's denial of Mr. Pappagallo's claim was arbitrary and capricious. With his May 30, 2019 letter to make a claim for benefits under the Plan, Mr. Pappagallo provided specific factual details regarding the nature of his employment with the company and outlined his duties and access to confidential information demonstrating that he was employed in the capacity of an officer within the meaning of Section 16 of the Exchange Act. He further explained why, under relevant law, his performance of such duties and access to confidential information qualified him as an officer of the company under Section 16. Your letter did not refute Mr. Pappagallo's recitation of his job duties or access to confidential information. Nor did it address whether performance of such duties and access to confidential information satisfied the test for whether he was an officer under relevant statutory and case law authority. **Ex. C**.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit C (ECF No. 1-3)

which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary

thereto.  Answering further, the allegations of this paragraph contain legal conclusions to which

no response is required.  To the extent the allegations are intended to be factual, Defendants deny

the allegations.

45.     Pappagallo next requested: Mr. Pappagallo requests that the Plan Administrator review its conclusory statement that "Mr. Pappagallo was never a Section 16 Officer of the Tenneco Companies (as defined in the Plan)" because it is devoid of any analysis or consideration of the arguments that Mr. Pappagallo put forth in his May 30, 2019 claim for benefits. As noted in Mr. Pappagallo's claim for benefits, Paragraph 2r of the Plan defines an "Officer" as **an officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act** and any other Eligible Employee who has been designated, in writing by the Senior Vice President of Human Resources. . ." (emphasis added). As explained in detail in Mr. Pappagallo's claim for benefits, Mr. Pappagallo was an "officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act." Mr. Pappagallo's claim explained, in detail, the factors supporting a finding that he was an officer within the meaning of Section 16 of the Exchange Act. Further,

Mr. Pappagallo's claim laid out controlling case law explaining the objective factors to be considered in making such a finding. However, rather than address these factual and legal considerations, the Plan Administrator completely ignored relevant statutory and jurisprudential authority in making its decision to deny Mr. Pappagallo's claim. Accordingly, Mr. Pappagallo appeals the Plan Administrator's decision as well as its failure to analyze whether he was an officer of the company within the meaning of Section 16 of the Exchange Act. **Ex. C**.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit C (ECF No. 1-3), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto. Answering further, the allegations of this paragraph contain legal conclusions to which no response is required. To the extent the allegations are intended to be factual, Defendants deny the allegations.

46.     Pappagallo concluded his Appeal, stating, "Accordingly, with this letter, Mr. Pappagallo appeals and requests a review of the Administrator's June 26, 2019 decision to deny his claim for benefits as a member of Group 1 under the Plan. Mr. Pappagallo requests that the Administrator find that he is a Group 1 employee, and that he be paid severance benefits accordingly." **Ex. C**.

**ANSWER:** The allegations in this paragraph purport to characterize Exhibit C (ECF No. 1-3), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

47.     On October 15, 2019, the Administrator denied Pappagallo's appeal for benefits, and again failed to address- or contest- Pappagallo's recitation of his duties and obligations during his term of employment with Tenneco. **Ex. D**.

**ANSWER:** Defendants admit that the Plan's Administrator denied Plaintiff's benefits appeal by letter dated October 15, 2019. The remaining allegations of this paragraph purport to characterize Exhibit D (ECF No. 1-4), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

48.     The Administrator concluded its letter stating, "Mr. Pappagallo is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to Mr. Pappagallo's claim for benefits under the Plan." **Ex. D**.

**ANSWER:**  The allegations in this paragraph purport to characterize Exhibit D (ECF No. 1-4), which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

49.      The Administrator further stated, "There are no further appeal procedures available to Mr. Pappagallo under the Plan. Mr. Pappagallo, however, has the right to bring an action under Section 502(a) of the Employee Retirement Security Act of 1974, as amended, relating to the denial of his claim for benefits on appeal." Ex. D.

**ANSWER:**  The allegations in this paragraph purport to characterize Exhibit D (ECF No. 1-4), which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

50.    On October 30, 2019, Pappagallo's counsel sent a letter to the Administrator acknowledging receipt of the October 15, 2019 correspondence and again requesting copies of "all documents, records and other information relevant to Mr. Pappagallo's claim for benefits under the Plan." **Ex. E**.

**ANSWER:**  Defendants admit that Plaintiff's counsel sent Exhibit E (ECF No. 1-5), which is dated October 30, 2019, to the Plan's Administrator. The remaining allegations of this paragraph purport to characterize Exhibit E (ECF No. 1-5), which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

51.    The Administrator did not provide the requested documents to Pappagallo or his counsel.

**ANSWER:**  Defendants deny the allegations in this paragraph.  Answering further, Defendants state that Plaintiff and his counsel had already been provided a copy of the Plan in April and May 2019, and that the Plan did not have an annual report in October 2019.

52.    On January 3, 2020 Pappagallo's counsel sent a letter to the Administrator again requesting the previously requested documents and provided a signed authorization from Pappagallo. **Ex. F**.

**ANSWER:**  Defendants admit that Plaintiff's counsel sent Exhibit F (ECF No. 1-6), which is dated January 3, 2020, to the Plan's Administrator.  The remaining allegations of this paragraph purport to characterize Exhibit F (ECF No. 1-6), which speaks for itself as to its contents.

53.     To date, the Administrator has not provided the requested documents.

**ANSWER:**  Defendants deny the allegations in this paragraph.

54.     Pappagallo brings this suit to vindicate his rights under ERISA, for full payment of his severance benefits under the Plan, interest, costs and attorneys' fees.

**ANSWER:**  Defendants admit that Plaintiff has brought this lawsuit under ERISA.  Defendants

deny the remaining allegations in this paragraph and further deny that Plaintiff is entitled to any

relief.

55.     At all pertinent times, Pappagallo was an "employee" of Tenneco within the meaning of 29 U.S.C. § 1002(6), and a "participant" in and/or "beneficiary" of the Plan within the meaning of 29 U.S.C. §1002(7) and (8).

**ANSWER:**  The allegations of this paragraph contain legal conclusions to which no response is

required.  Answering further, Defendants state that Plaintiff was, for a period of time, employed

by Tenneco and was a participant of the Plan.

56.     Pappagallo requested severance benefits under the Plan, was denied, appealed, and was denied again.

**ANSWER:**  The allegations of this paragraph purport to characterize Exhibits A-D (ECF Nos. 1-

1 to 1-4), which speak for themselves as to their contents.  Accordingly, Defendants deny any

allegations contrary thereto.

## GENERAL ALLEGATIONS REGARDING THE DEFENDANTS

57.     Defendant Plan is an employee benefit plan under ERISA, 29 U.S.C. §1002(1).

**ANSWER:**  The allegations of this paragraph contain legal conclusions to which no response is

required.  Answering further, Defendants admit that the Plan is a severance pay arrangement under

ERISA and is governed and construed in accordance with ERISA.  Defendants deny the remaining

allegations in this paragraph.

58.     The Plan is self-funded.

**ANSWER:** Defendants admit that Plan benefits are paid out of the general assets of the participating companies.

59.     Defendant Tenneco is a publicly traded Delaware corporation doing business throughout the United States, including the State of Michigan, and was the employer of Pappagallo, per 29 U.S.C. §1002(5) at the time that he became eligible for benefits under the Plan.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants admit that Tenneco is a publicly a Delaware corporation doing business in the United States, including the state of Michigan.  Defendants admit that, for a period of time, Tenneco employed Plaintiff.  Answering further, the allegations in this paragraph purport to characterize the terms of the Plan, which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto. Defendants deny any remaining allegations in this paragraph.

60.     Defendant Tenneco Automotive is the Plan Administrator of the Plan, pursuant to 29 U.S.C. §1002(16)(A)(i), and/or the plan sponsor, per 29 U.S.C. §1002(16)(B).

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no response is required.   Answering further, Defendants admit that Tenneco Automotive is the Plan's Administrator and the Plan's sponsor.

61.     Defendant Tenneco Automotive is a Plan Administrator per 29 U.S.C. §1002(16)(A)(i), and/or the plan sponsor, per 29 U.S.C. §1002(16)(B) and otherwise a fiduciary relative to the Plan.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no response is required.   Answering further, Defendants admit that Tenneco Automotive is the Plan's Administrator and the Plan's sponsor, and is designed as the named fiduciary of the Plan.

## COUNT I – WRONGFUL DENIAL OF BENEFITS

62.     Plaintiff incorporates all above allegations as though restated herein.

**ANSWER:** Defendants repeat and reallege their responses to each of the foregoing paragraphs as if fully set forth herein.

63.     29 U.S.C. § 1132(a)(1)(B) permits recovery of benefits due under an ERISA benefits plan.

**ANSWER:**  The allegations of this paragraph contain legal conclusions to which no response is required.

64.     Pursuant to the Plan, Officers of Tenneco were entitled to specific "Group 1" severance benefits upon the termination of their employment with Tenneco.

**ANSWER:**  The allegations in this paragraph purport to characterize the terms of the Plan, which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.

65.     Pappagallo served as an Officer of Tenneco.

**ANSWER:**   The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

66.     Pappagallo's employment with Tenneco was terminated.

**ANSWER:**  Defendants admit that Pappagallo separated from employment with Tenneco.

67.     As a result of his termination, and pursuant to the Plan, Pappagallo was entitled to "Group 1" severance benefits as defined by the Plan.

**ANSWER:**  The allegations in this paragraph purport to characterize the terms of the Plan, which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto. The remaining allegations of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

68.     Pappagallo was denied "Group 1" severance benefits upon the termination of his employment.

**ANSWER:**  Defendants admit that Plaintiff was not entitled to "Group 1" benefits under the Plan. Defendants deny the remaining allegations in this paragraph.

69.     The Plan is self-funded by Tenneco.

**ANSWER:**  Defendants admit that Plan benefits are paid out of the general assets of the participating companies.

70.     Defendants' determination to deny Group 1 severance benefits to Pappagallo was fixed, intentional, and easily meets the arbitrary and capricious standard applied to denial of benefit claims.

**ANSWER:** Defendants deny the allegations of this paragraph.

71.     Defendants' denial of benefits to Pappagallo violates 29 U.S.C. §1132(a)(1)(B).

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no response is required. Answering further, Defendants deny the allegations.

72.     As a direct and proximate result of the wrongful denial of Group 1 severance benefits, Pappagallo has suffered damages, to wit: unpaid Group 1 severance benefits and interest thereon.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no response is required. Answering further, Defendants deny the allegations and further deny that Plaintiff is entitled to any relief.

### PRAYER FOR RELIEF

WHEREFORE, Pappagallo hereby prays that this Honorable Court provide the following relief:

a.     A declaratory judgment, declaring that Plaintiff is entitled the Group 1 severance benefits under the Plan;

b.     A full and accurate accounting by Defendants of all computations for Plaintiff's Group 1 severance benefits, in sufficient detail so that Plaintiff may ascertain that the benefits are being paid in the correct amount;

c.     An order compelling Defendants, jointly and severally, to pay to Plaintiff the full amount of Group 1 benefits due under the Plan, including interest on such benefits;

d.     An award of reasonable attorneys' fees and costs in accordance with ERISA's fee-shifting provision;

e.     Such other relief as may be just and appropriate.

**ANSWER:** To the extent a response to Plaintiff's Prayer for Relief is required, Defendants deny

each and every allegation contained therein, deny all of Plaintiff's claims, deny that Defendants

engaged in any violation of the law or other wrongdoing, and deny that Plaintiff is entitled to any

relief whatsoever, including any damages, fees, disbursements, costs, or other purported equitable relief.

## <u>COUNT II – FAILURE TO PROVIDE RECORDS</u>

73.     Plaintiff incorporates all above allegations as though restated herein.

**<u>ANSWER:</u>**  Defendants repeat and reallege their responses to each of the foregoing paragraphs as if fully set forth herein.

74.     Section 502(c)(1)(B) of ERISA (29 U.S.C. section 1132(c)(1)(B)) authorizes this Court to award a participant up to $100.00 per day for each day that the administrator has not delivered certain requested documents to the participant in excess of thirty (30) days of the request for such documents and to provide other relief it deems proper.

**<u>ANSWER:</u>**  The allegations in this paragraph purport to characterize 29 U.S.C. § 1132(c)(1)(B), which speaks for itself as to its contents.  Accordingly, Defendants deny any allegations contrary thereto.  The remaining allegations of this paragraph contain legal conclusions to which no response is required.

75.     Pappagallo, a participant in the Plan, properly requested in writing on May 30, 2019, October 30, 2019 and January 3, 2020 that Defendants provide certain documents as required under ERISA.

**<u>ANSWER:</u>**  The allegations in this paragraph purport to characterize Exhibits A, E, and F (ECF Nos. 1-1, 1-5, 1-6), which speak for themselves as to their contents.  The remaining allegations contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

76.     The Administrator failed to provide the requested documents within 30 days of each request by Pappagallo.

**<u>ANSWER:</u>**  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Defendants deny the allegations.

## **PRAYER FOR RELIEF**

WHEREFORE, Pappagallo hereby prays that this Honorable Court provide the following relief:

> a.   Judgment against Defendants, jointly and severally, equal to the statutory amount of $100.00 per day for each day in excess of thirty (30) days following receipt by Defendants of each request made by Plaintiff for the severance plan information;

> b.   An Order from this Court directing that Defendants deliver the requested documents to Plaintiff;

> c.   An award of costs and attorneys' fees;

> d.   Such other relief as the Court deems just.

**ANSWER**:  To the extent a response to Plaintiff's Prayer for Relief is required, Defendants deny each and every allegation contained therein, deny all of Plaintiff's claims, deny that Defendants engaged in any violation of the law or other wrongdoing, and deny that Plaintiff is entitled to any relief whatsoever, including any damages, fees, disbursements, costs, or other purported equitable relief.

* * * *

## **GENERAL DENIAL**

Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted above.

* * * *

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendants allege the following affirmative and other defenses:

## FIRST DEFENSE
### (Failure to State a Claim)

Defendants assert and allege that the Complaint, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

## SECOND DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff is barred from any recovery on the Complaint, and each and every purported claim for relief therein, to the extent that Plaintiff failed to exhaust his administrative remedies in a timely manner or attempts to raise new arguments not presented during the administrative review process.

## THIRD DEFENSE
### (Valid Exercise of Administrative Discretion/Not Arbitrary or Capricious)

The Plan grants discretion to the Plan Administrator to determine whether a participant is eligible for benefits, and the Plan Administrator's decision that Plaintiff was not entitled to Group 1 benefits was not arbitrary or capricious.

## FOURTH DEFENSE
### (In Accordance with Plan Documents)

Defendants assert and allege that the Complaint, and each and every cause of action contained therein, is barred on the ground that Defendants at all times complied with, and did not violate, any term of the Plan.

## FIFTH DEFENSE
### (Failure to Perform Conditions Precedent)

Section 5d. of the Plan sets forth the following conditions precedent for a participant to be entitled to Plan benefits:

Participant will only be entitled to the Severance Benefit and outplacement services described herein if, in addition to satisfying all other terms and conditions of the Plan, the Participant has signed and returned a general release of claims in such form as the Company determines, any applicable revocation period has expired as of the Payment Date and the release is effective as of the Payment

Date. If the requirements of this Section 5d. are not satisfied as of the Payment Date, no benefits will be paid or provided to the Participant pursuant to the Plan.

Plaintiff is not entitled to any benefits under the Plan because, among other things, he did not "sign[] and return[] a general release of claims in such form as the Company determines."

## SIXTH DEFENSE
### (Improper Parties)

Some or all of Defendants are not proper parties to Plaintiff's claims.

## SEVENTH DEFENSE
### (No Discovery or Trial)

Plaintiff is not entitled to either discovery or a trial (jury or otherwise) under *Wilkins v. Baptist Healthcare Systems*, 150 F.3d 609 (6th Cir 1998), with regard to his claims under the circumstances pled.

\* \* \* \*

## RESERVATION OF RIGHTS

Defendants reserve their right to assert, following the completion of their investigation into this matter, any additional defenses that may be available.

Respectfully submitted,

Dated:  April 15, 2020                              MAYER BROWN LLP

By: */s/ Richard E. Nowak*
    Richard E. Nowak (IL 6302664)
    Samuel D. Block
    MAYER BROWN LLP
    71 S. Wacker Drive
    Chicago, IL 60606
    Phone: (312) 701-8809
    Fax: (312) 706-8140
    rnowak@mayerbrown.com

    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Richard E. Nowak, an attorney, hereby certify that on April 15, 2020, I caused a true and correct copy of the foregoing **Defendants' Answer and Defenses to Plaintiff's Complaint** to be filed electronically via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Richard E. Nowak*
Richard E. Nowak
