UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA PAPPAGALLO,

    Plaintiff,

-vs-

TENNECO AUTOMOTIVE OPERATING
COMPANY SEVERANCE BENEFIT PLAN,
Effective as of July 20, 2018, TENNECO
AUTOMOTIVE OPERATING COMPANY
INC., and TENNECO INC.,
jointly and severally,

    Defendants.

Case No. 20-cv-10422

Hon. Stephanie Dawkins Davis

| Barry S. Fagan (P34275)<br>Jennifer L. McManus (P65976)<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>bfagan@faganlawpc.com<br>jmcmanus@faganlawpc.com | Richard E. Nowak (IL 6302664)<br>Samuel D. Block (IL 6323648)<br>Samuel P. Myler (IL 6309755)<br>Mayer Brown LLP<br>Attorneys for Defendants<br>71 South Wacker Drive<br>Chicago, IL  60606<br>(312) 701-8809<br>rnowak@mayerbrown.com<br>sblock@mayerbrown.com<br>smyler@mayerbrown.com<br><br>Michael G. Brady  (P57331)<br>WARNER NORCROSS & JUDD LLP<br>Attorneys for Defendants<br>2000 Town Center, Suite 2700<br>Southfield, MI  48075-1318<br>(248) 784-5032<br>mbrady@wnj.com |

**RULE 26(f) PROPOSED DISCOVERY PLAN**

1. The parties held a conference pursuant to Fed. R. Civ. P. 26(f) on May 19, 2020.

2. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

    A. <u>Initial Disclosures</u>: The parties have agreed to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26 (a)(1) no later than June 12, 2020.

    B. <u>Proposed Discovery</u>:

<u>I - Plaintiff</u>:

Plaintiff would like to engage in discovery on the following issues:

(1) the Administrative Record.

(2) The identity of the Plan Administrator. Defendant Tenneco Automotive Operating Company Inc. is identified as the Plan Administrator in the Plan Document. However, Defendant Tenneco, Inc. sent the correspondence denying Plaintiff's claim for severance benefits and denying Plaintiff's appeal of the denial. Also, on the denial of the appeal, an individual, Peter Acker, identified himself as the Plan Administrator.

(3) The failure of the Plan Administrator to respond to Plaintiff's multiple requests for documents in violation of ERISA.

    (4)    A conflict of interest that existed as Defendants were responsible for determining Plaintiff's entitlement to requested severance benefits and were also responsible for paying the benefits.

    (5)    The specific amount of severance benefits owed as a Group 1 participant.

Plaintiff is requesting that he be entitled to serve Requests for Production of Documents and Interrogatories regarding the requested discovery as well as to depose Peter Acker, the person that responded to the claim for severance benefits and the appeal of the denial on behalf of Defendants.

    <u>II - Defendants</u>:

Defendants submit that no additional discovery is needed in this ERISA case beyond initial disclosures and Defendants' production of the administrative record relating to Plaintiff's benefit claim. With respect to Plaintiffs' claim for additional severance benefits (Count I), well-established Sixth Circuit law bars extra-record discovery in ERISA cases such as this one. Although courts have permitted limited discovery into alleged "procedural deficiencies" in other ERISA cases, those courts required more

than mere conclusory allegations that the administrative claims procedure at issue was defective or that the plan administrator was biased.

As for Plaintiff's claim for statutory penalties under ERISA § 502(c)(1) (Count II), Plaintiff has not – and cannot – identify any plan document under ERISA § 104(b)(4) that he did not receive in a timely manner. All relevant documents related to Plaintiff's requests for documents under ERISA § 104(b)(4), including the documents provided to Plaintiff in response to his request, will be produced with Defendants' initial disclosures. Therefore, unless and until Plaintiff can establish that he was entitled to documents beyond what are included in Defendants' initial disclosures, or that there is a factual dispute over those documents, there is no basis for additional discovery on Count II.

In light of the above, Defendants object to any additional discovery in this matter beyond initial disclosures and Defendants' production of the administrative record. However, should Plaintiff conclude, upon receipt of the administrative record and Defendants' initial disclosures, that additional discovery is necessary, the Court should permit Plaintiff to file a motion describing with particularity the additional discovery that is necessary and the legal bases for that discovery.

Furthermore, in the event that the Court permits Plaintiff to take discovery of Defendants, Defendants request the right to take reciprocal discovery, including the right to depose Pappagallo.

C.   <u>Discovery Cut Off</u>:  Plaintiff requests a discovery cutoff date of October 30, 2020.

Defendants state that, should the Court determine that limited discovery is appropriate in this matter, such discovery should be completed within 60 to 90 days, considering the nature of the claims at issue and the general prohibition on extra-record discovery in ERISA cases.

D.   <u>Dispositive Motion Cut Off</u>:   The parties request that the dispositive motion filing date be set for November 30, 2020.

E.   <u>Electronic Discovery</u>:  Pursuant to Rule 26(f)(3)(C), the parties briefly discussed the disclosure or discovery of electronically stored information ("ESI") during their Rule 26(f) conference.  The parties agree that ESI materials shall be produced electronically via secure file transfer, compact disc, flash drive, or other electronic storage device.  With good cause shown, a party may then request materials be produced in their native format. If the electronically stored information is not reasonably useable or obtainable in its native format or not reasonably available in native format

because of undue burden or cost, then the parties will confer and attempt to determine a mutually acceptable alternative format.

F.      Privileged Material:  The parties are unaware of any specific issues about claims of privilege or the protection of trial-preparation material that needs to be addressed at this time. In the event that a party withholds materials or information that is otherwise discoverable by claiming that it is privileged or subject to protection as trial-preparation material, the withholding party shall prepare and serve a privilege log in accordance with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

In the event of an inadvertent disclosure of materials subject to a claim of privilege or protection as trial-preparation material, the parties will agree to comply with the provisions of Fed. R. Civ. P. 26(b)(5)(B).  The parties also agree that if the disclosure is inadvertent, the disclosure does not operate as a waiver of the attorney-client privilege or work-product protection provided the holder of the privilege or protection took reasonable steps to prevent disclosure and the holder promptly took reasonable steps to rectify the error, including compliance with Fed. R. Civ. P. 26(b)(5)(B).

G.     Limitations on Discovery:   If discovery is permitted, the parties do not believe that any changes to the limitations on discovery imposed under the rules are necessary at this time. However, the parties reserve the

right to object to discovery deemed unduly burdensome, disproportionate to the needs of the case, unlikely to lead to the discovery of admissible evidence, or otherwise inappropriate. The parties also reserve the right to petition the Court regarding discovery beyond such limitations to the extent necessary.

  H. <u>Protective Order</u>:  The parties will determine if a Protective Order is necessary in this case.

  3. **Settlement Discussions**:

The parties discussed the potential for settlement and determined that it is unlikely at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ *Barry S. Fagan*<br>Barry S. Fagan (P34275)<br>Jennifer L. McManus (P65976)<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>bfagan@faganlawpc.com<br>jmcmanus@faganlawpc.com | /s/ *Richard E. Nowak*<br>Richard E. Nowak (IL 6302664)<br>Samuel D. Block (IL 6323648)<br>Samuel P. Myler (IL 6309755)<br>Mayer Brown LLP<br>Attorneys for Defendants<br>71 South Wacker Drive<br>Chicago, IL  60606<br>(312) 701-8809<br>rnowak@mayerbrown.com<br>sblock@mayerbrown.com<br>smyler@mayerbrown.com<br><br>Michael G. Brady  (P57331)<br>WARNER NORCROSS & JUDD LLP<br>Attorneys for Defendants<br>2000 Town Center, Suite 2700<br>Southfield, MI  48075-1318 |

Dated:  June 4, 2020

(248) 784-5032
mbrady@wnj.com