**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
EASTERN DIVISION**

| | |
|---|---|
| ANDREA PAPPAGALLO,<br><br>    Plaintiff,<br><br> vs.<br><br>TENNECO AUTOMOTIVE OPERATING COMPANY SEVERANCE BENEFIT PLAN, Effective as of July 20, 2018; TENNECO AUTOMOTIVE OPERATING COMPANY INC.; and TENNECO INC.,<br><br>    Jointly and severally, | Case No. 4:20-cv-10422-SDD-EAS<br><br>Hon. Stephanie Dawkins Davis<br><br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANTS' STANDARD OF REVIEW STATEMENT**

Pursuant to the Court's Scheduling Order dated June 18, 2020 (ECF No. 18), Defendants Tenneco Automotive Operating Company Severance Benefit Plan (the "Plan"), Tenneco Automotive Operating Company Inc., ("TAOC") and Tenneco Inc. (collectively, "Defendants") submit this statement regarding the appropriate standard of review. For the reasons set forth below, this Court should apply the arbitrary and capricious standard of review to Plaintiff Andrea Pappagallo's ("Plaintiff") claim for severance benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

    **A.    Controlling Legal Precedent and the Plan's Plain Language Establishes that the Arbitrary and Capricious Standard of Review Applies.**

U.S. Supreme Court and Sixth Circuit precedent dictate that, when a benefit plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits

1

or to construe the terms of the plan," courts are required to "review such decisions under the arbitrary-and-capricious standard." *Clemons v. Norton Healthcare Inc. Ret. Plan*, 890 F.3d 254, 264 (6th Cir. 2018) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "Further, if the plan gives the administrator discretion to make factual determinations, arbitrary-and-capricious review extends to those issues as well." *Id.* (citing *Shaw v. AT&T Umbrella Benefit Plan No. 1*, 795 F.3d 538, 547 (6th Cir. 2015)).

In this case, the Tenneco Automotive Operating Company Inc. Severance Benefit Plan and Summary Plan Description (effective July 20, 2018), is "both the summary plan description (SPD) and official plan document for the Plan." *See* **Ex. 1**, § 1 (hereinafter "Plan Document"). Under the terms of the Plan Document, TAOC is the Plan's sponsor and Plan Administrator. *Id.* §§ 1, 14.b, 14.e. Section 14.c. of the Plan Document is a textbook example of discretionary plan language because it conveys to TAOC the discretionary authority to conclusively construe and interpret the Plan's terms, make factual determinations, and determine an individual's eligibility for benefits. *Id.* § 14.c.

> Specifically, Section 14.c provides:
>
> The Plan Administrator will make all determinations as to the right of any person to a Severance Benefit and other benefits under the Plan and *will have the discretionary authority to conclusively construe and interpret the provisions of the Plan and make factual determinations thereunder*, including the power to determine the rights or eligibility of any persons, and the amounts of their benefits under the Plan, and to remedy ambiguities, inconsistencies or omissions, and any such determinations will be binding on all parties. *Benefits will only be paid if the Plan Administrator, in its sole discretion, determines that the employee or beneficiary is entitled to them.*

*Id.* (emphasis added).

In light of such clear discretionary language, both the Plan Administrator's eligibility for benefits determinations and any related factual determinations are entitled to arbitrary-and-

capricious review. In fact, the Sixth Circuit has afforded plan administrators deference based on plan language nearly identical to the language at issue here. *See, e.g., Farmer v. Square D Co.*, 114 F. App'x 657, 659, 660 (6th Cir. 2004) (applying the arbitrary and capricious standard of review where defendant was vested with "the discretionary authority to construe and interpret the provisions of the plan and make factual determinations thereunder, including the power to determine the rights or eligibility of employees or participants and any other persons, and the amounts of their benefits under the plan, and to remedy ambiguities, inconsistencies or omissions").

### B.  There is No Legal or Factual Basis for the Court to Forego the Required Arbitrary and Capricious Review Standard.

Pursuant to the Court's instruction, the parties held a telephonic meet and confer on June 24, 2020 to discuss the issues in the Scheduling Order, including the appropriate standard of review. During the meet and confer, Plaintiff's counsel indicated that they believe the appropriate standard of review is *de novo*, notwithstanding the unambiguous Plan language granting discretionary authority to the Plan Administrator. Specifically, Plaintiff's counsel argued that, because Tenneco Inc.—and not TAOC—allegedly decided Plaintiff's benefit claim, they believe the standard of review should be *de novo*. That argument is baseless.

As described above, TAOC is the Plan's sponsor and the Plan Administrator. The benefit and appeal denial letters repeatedly and explicitly state that the *Plan Administrator* is making Plaintiff's benefits determination. *See* PageID.21 ("The Plan Administrator has considered the claim. . . and this letter is to inform you that Mr. Pappagallo's claim. . . is denied"); PageID.32 ("The Plan Administrator has considered the information provided in the Appeal Letter and this letter is to inform you that Mr. Pappagallo's appeal. . . is denied"). Both the benefit and appeal

denial letters were signed by Peter Acker, TAOC's Vice President Total Rewards and a duly elected officer of TAOC. Mr. Acker is not an employee of Tenneco Inc.

During the parties' discussion, Plaintiff's counsel also focused on inconsequential details unrelated to the Plan Administrator's benefit determination, including that the benefit and appeal denial letters signed by Peter Acker were on Tenneco Inc. letterhead. As the undersigned explained, there is a simple explanation for that: TAOC is a wholly-owned subsidiary of Tenneco Inc. and does not have its own letterhead. Moreover, the *content* of the benefit denial letters—which is the subject of this lawsuit—makes clear that TAOC (the Plan Administrator) decided Plaintiff's benefit claim. *See, e.g.,* PageID.33 (benefits appeal denial letter stating that "Tenneco determined that Mr. Pappagallo was never a Section 16 Officer for any purpose and, accordingly, the *Plan Administrator* determines that he is not a Section 16 Officer for purposes for Plan purposes and does not otherwise meet the requirements for benefits under the Plan as a member of Group 1.") (emphasis added).

The two benefit denial letters attached to Plaintiff's complaint are explicit that the Tenneco Inc. and the Plan Administrator are separate actors. They are separately defined. They make separate decisions. Tenneco Inc., as it does for all its named officers, determines who are Section 16 Officers of Tenneco, Inc. The Plan Administrator, in accordance with the Plan and on behalf of TAOC, determined Plaintiff's eligibility for benefits under the Plan.

Indeed, Plaintiff's actions during the administrative review of his claim for benefits indicate that he understood TAOC was deciding his claim. He addressed both his claim for benefits and appeal letters to "Plan Administrator – Tenneco Automotive Operating Company Inc." PageID.17, 25. Neither he nor his counsel raised any issue in Plaintiff's appeal letter that the wrong entity, Tenneco Inc., decided his claim. Instead, he argued that the "Plan

Administrator's Denial Was Arbitrary and Capricious," quoting the Plan Document's Section 14 discretionary language and Sixth Circuit case law on the arbitrary and capricious standard. *Id*. at 2-3. Plaintiff's post-hoc attempt to avoid arbitrary and capricious review is belied by his own actions, and, most importantly, the clear language of the Plan Document and the fact that his claim was clearly decided by the Plan Administrator.[1]

## **CONCLUSION**

For the foregoing reasons, this Court should apply the arbitrary and capricious standard of review to Plaintiff's benefits claim.

Dated: July 2, 2020

Respectfully submitted,

*/s/ Richard E. Nowak*
Richard E. Nowak
Samuel P. Myler
Samuel D. Block
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 701-8809
Fax: (312) 706-8140
rnowak@mayerbrown.com
smyler@mayerbrown.com
sblock@mayerbrown.com

Michael G. Brady
Warner Norcross + Judd LLP
2000 Town Center, Suite 2700
Southfield, MI 48075
Phone: 248.784.5032
mbrady@wnj.com

*Attorneys for Defendants*

---

[1] Because the parties are submitting simultaneous submissions, to the extent Plaintiff makes other arguments in support of his *de novo* review argument, Defendants request leave to respond to those arguments in the context of the parties' anticipated cross motions for judgment on the administrative record.