UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA PAPPAGALLO,

    Plaintiff,

-vs-

TENNECO AUTOMOTIVE OPERATING
COMPANY SEVERANCE BENEFIT PLAN,
Effective as of July 20, 2018, TENNECO
AUTOMOTIVE OPERATING COMPANY
INC., and TENNECO INC.,
jointly and severally,

    Defendants.

Case No. 20-cv-10422

Hon. Stephanie Dawkins Davis

| Barry S. Fagan (P34275)<br>Jennifer L. McManus (P65976)<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>bfagan@faganlawpc.com<br>jmcmanus@faganlawpc.com | Richard E. Nowak (IL 6302664)<br>Samuel P. Myler (IL 6309755)<br>Mayer Brown LLP<br>Attorneys for Defendants<br>71 South Wacker Drive<br>Chicago, IL  60606<br>(312) 701-8809<br>rnowak@mayerbrown.com<br>smyler@mayerbrown.com<br><br>Michael G. Brady  (P57331)<br>WARNER NORCROSS & JUDD LLP<br>Attorneys for Defendants<br>2000 Town Center, Suite 2700<br>Southfield, MI  48075-1318<br>(248) 784-5032<br>mbrady@wnj.com |
|---|---|

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S PROCEDURAL CHALLENGE**

**I.     INTRODUCTION**

Plaintiff's Statement of Procedural Challenges ("Plaintiff's Statement") (ECF No. 21) raises four specific challenges in this ERISA case.  As instructed by the Court in its Scheduling Order (ECF No. 18), Plaintiff's Statement "indicate[s] whether the party asserts a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias, and [ ] indicate[s] the nature of the procedural challenge."  ECF No. 18, ¶ D.  It does not specifically address what – if any – additional discovery is necessary because the Court's Scheduling Order does not instruct Plaintiff to do so, and further, because as the Court stated in its Scheduling Order, "In the event there is such a procedural challenge, … the Court will set a conference to determine whether permitting limited discovery is appropriate."  Id.  Based on the Court's Scheduling Order, Plaintiff's Statement provides his procedural challenges relying *only* on what Defendants claim to be the Administrative Record, with the understanding that should the Court find that discovery into some of his challenges is warranted, the Court will set a conference to discuss the parameters of such discovery.

By relying only on the record in making his challenges, Plaintiff provides an objective argument based on documentary evidence to support

1

each of his four challenges. Plaintiff believes that some limited and tailored discovery will aid the Court in assessing Plaintiff's Procedural Challenges. In addition, Defendants' response also leads to the conclusion that discovery is necessary. With its extra-record explanation of the various entities' relationships and decisions, provision of a non-notarized statement that is dated after the Complaint was filed (ECF 26-3), and offer to submit an additional declaration (ECF No. 26, PageID.178, FN 4), Defendant makes it clear that discovery is warranted.

Accordingly, Plaintiff respectfully requests that after review of his Procedural Challenges and Defendants' response thereto, the Court set a conference to determine whether limited discovery is appropriate, as set forth in its Scheduling Order.

## II.  ANALYSIS

Plaintiff refers the Court to pages 2-6 of his Statement for the underlying facts of this matter.

### A.  THE PLAN ADMINISTRATOR DID NOT MAKE THE BENEFIT DECISION

Plaintiff's Statement lays out, objectively and based on documents provided by Defendants as part of the claimed administrative record, the fact that Tenneco, Inc., rather than the Plan Administrator, made the benefit decision at issue in this case. As explained above, Plaintiff does not address

2

his entitlement to discovery, because at this point he was only required to provide a statement of deficiencies; not a statement of what further discovery may be necessary to explore such deficiencies.

As explained in the Statement, and referred to in Defendants' response, the Sixth Circuit Court of Appeals has held that there is a procedural deficiency where an unauthorized body, such as the employer, makes a benefits decision rather than the body authorized to do so, and *de novo* review is required. Sanford v. Harvard Industries, Inc., 262 F.3d 590 (6th Cir. 2001). Further, in *Shelby County Health Care Corp. v. Majestic Star Casino,* the Sixth Circuit explained that "when the benefits decision 'is made by a body other than the one authorized by the procedures set forth in a benefits plan," there is a procedural defect. Shelby County Health Care Corp., 581 F.3d at 365.

In this matter, the objective record evidence currently before the Court establishes that Tenneco, Inc., rather than the Plan Administrator, made the benefit decision. Although Defendants attempt to minimize the significance of the two letters form Brandon Smith, Senior Vice President, General Counsel and Secretary for Tenneco, Inc., both letters are part of the Administrative Record submitted by Defendants. In the August 27, 2019 letter (ECF No. 21-5) Smith confirmed that Tenneco, Inc., not TAOC, denied

3

Plaintiff's claim for benefits, stating "[T]he Company specifically told your client that he was not an 'officer' by letter dated June 26, 2019, when he first tried to wrongfully claim Group 1 benefits". In the September 25, 2019 letter (ECF No. 21-6), while Plaintiff's Appeal was pending, Smith threatened Plaintiff stating: "Tenneco will continue to vigorously defend itself against Pappagallo's unwarranted claims".[1] Both letters demonstrate that the Plan Administrator did not make the decision regarding Plaintiff's claim for Group 1 benefits and that the decision was biased and pre-determined.

Tellingly, in order to contest this issue, Defendants rely on an "Officer's Certificate" that does not constitute sworn testimony, has never been a part of the record in this case and is dated *after* the Complaint was filed.  It further offers to submit a declaration upon request, thereby acknowledging a procedural defect for which discovery is warranted.

**B.    THE DECISION WAS BIASED AND THE
         RESULT OF A CONFLICT OF INTEREST**

As noted above, the Court's Scheduling Order acknowledges that alleged bias may constitute a procedural challenge.  (ECF No. 18, ¶D).

---

[1] Smith's September 25, 2019 letter was in response to a letter from Stuart Logan, Esq., an attorney for Plaintiff that assisted in filing the Form 3 with the SEC. The letter from Mr. Logan dated August 29, 2019, which Defendants have agreed to include as part of the Administrative Record, specifically raised the conflict of interest that existed with Tenneco Inc. deciding Plaintiff's claim and appeal and also being responsible for paying the benefits (See **Ex. A**).  In his response, Smith did not deny the conflict of interest.

4

In responding to Plaintiff's argument that the decision to deny Plaintiff's full payment of severance benefits under the ERISA Plan was biased and the result of a conflict of interest, Defendants rely on their earlier insistence that the Plan Administrator, rather than Tenneco, Inc., made the benefits determination. However, as explained *supra*, the objective record evidence demonstrates otherwise.

As explained in Plaintiff's underlying brief, the applicable caselaw is clear that where the company pays benefits out of its own assets, there is an inherent conflict of interest. Again, this caselaw was not discussed in Plaintiff's Statement in order to support specific discovery requests; it was offered to support an argument of procedural deficiencies. Plaintiff avers that the scope of appropriate discovery to address such deficiencies should be addressed in a separate conference, as envisioned in the Court's Scheduling Order.

C. THE DECISION TO DENY BENEFITS

As explained in his underlying Statement, a decision to deny benefits may only be upheld "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Elliott v. Metropolitan Life Insurance Co., 473 F.3d 613, 617 (6th Cir. 2006) *citing* Glenn v. Metro. Life Ins. Co., 461 F.3d 660, 666 (6th Cir. 2006). Failure to engage in a

5

deliberate principled reasoning process, to provide an adequate explanation for a denial of benefits, and to provide Plaintiff with a full and fair review of the denial constitute procedural defects in the claim review process. Id.; Caudill, 714 F.Supp.2d 728; Wilkins, 150 F.3d 609.

Here, Defendants' decision amounts to nothing more than "because I said so." While Plaintiff laid out in detail and with relevant caselaw what constitutes a Section 16 Officer under the Exchange Act and what responsibilities he maintained that brought him under Section 16 of the Exchange Act, Defendants refused to even address his averments of his job duties or make any other independent assessment.[2] Further, Tenneco, Inc. insisted that it had already "told" Pappagallo that he was not an officer, before the appeal process was even completed, thereby demonstrating that the appeal itself was a farce. Here, as in *Elliott*, 473 F.3d 613 (6th Cir. 2006), where Defendants failed to address Plaintiff's objective responsibilities in making its Officer determination, it is apparent that Defendants' determination was a foregone conclusion rather than the result of deliberate

---

[2] Defendants, in an apparent attempt to mislead the Court, insist that since it did not "designate" Plaintiff as a Section 16 Officer, he must not have been one. Defendants ignore the fact that the Plan defines an Officer as "an officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act." As explained to Defendants previously, Section 16 of the Exchange Act has its own definition of Officer, which Plaintiff clearly fell under. (ECF No. 21-2) Defendants never contested Plaintiff's assertion that he was a Section 16 Officer under the Exchange Act in its many letters to Plaintiff.

6

and principled reasoning by the Plan Administrator.

**D.  THE FAILURE TO PROVIDE DOCUMENTS AND RECORDS**

Plaintiff's counsel requested "copies of 'all documents, records, and other information relevant to Mr. Pappagallo's claim for benefits under the Plan'" on two separate occasions prior to the filing of this lawsuit. No response was received. After this lawsuit was filed, Defendants are now attempting to rely on documents that were not referenced or identified in the denial of the claim for benefits or the Appeal, including documents submitted in Opposition to Plaintiff's Statement of Procedural Challenges (see ECF No. 25-5 and ECF No. 25-6).  The failure to provide the requested documents, which is a procedural violation, has prejudiced Plaintiff.

### III.  CONCLUSION

Plaintiff has demonstrated multiple procedural violations by Defendants in this matter. Plaintiff is requesting limited discovery to explore those issues, including depositions, interrogatories and requests for production of documents. Pursuant to the Court's Scheduling Order, Plaintiff is requesting that a conference be scheduled to determine whether permitting limited discovery is appropriate.

By: /s/ *Barry S. Fagan*  
*Barry S. Fagan* (P34275)  
Jennifer L. McManus (P65976)  
Attorneys for Plaintiff

Dated:  November 30, 2020

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA PAPPAGALLO,

    Plaintiff,

-vs-

TENNECO AUTOMOTIVE OPERATING
COMPANY SEVERANCE BENEFIT PLAN,
Effective as of July 20, 2018, TENNECO
AUTOMOTIVE OPERATING COMPANY
INC., and TENNECO INC.,
jointly and severally,

    Defendants.

Case No. 20-cv-10422

Hon. Stephanie Dawkins Davis

| | |
|---|---|
| Barry S. Fagan (P34275)<br>Jennifer L. McManus (P65976)<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>bfagan@faganlawpc.com<br>jmcmanus@faganlawpc.com | Richard E. Nowak (IL 6302664)<br>Samuel P. Myler (IL 6309755)<br>Mayer Brown LLP<br>Attorneys for Defendants<br>71 South Wacker Drive<br>Chicago, IL  60606<br>(312) 701-8809<br>rnowak@mayerbrown.com<br>smyler@mayerbrown.com<br><br>Michael G. Brady  (P57331)<br>WARNER NORCROSS & JUDD LLP<br>Attorneys for Defendants<br>2000 Town Center, Suite 2700<br>Southfield, MI  48075-1318<br>(248) 784-5032<br>mbrady@wnj.com |

## **PROOF OF SERVICE**

I hereby certify that on November 30, 2020, I electronically filed:

## **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S PROCEDURAL CHALLENGE**

with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- Michael G. Brady     mbrady@wnj.com, tlias@wnj.com, tparrish@wnj.com

- Richard Nowak     rnowak@mayerbrown.com, courtnotification@mayerbrown.com

- Samuel P Myler     smyler@mayerbrown.com, 3708550420@filings.docketbird.com, courtnotification@mayerbrown.com

and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:

___(none)___.

                                                Respectfully submitted,

                                                FAGAN MCMANUS, P.C.

                                                By: /s/ *Barry S. Fagan*
                                                   Barry S. Fagan  (P34275)
                                                   Attorney for Plaintiff
                                                   25892 Woodward Avenue
                                                   Royal Oak, MI  48067-0910
                                                   (248) 542-6300

Dated:  November 30, 2020              bfagan@faganlawpc.com